**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ROBERT L. JENKINS, #310347**                                                    **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO.:1:09cv355-HSO-JMR**

**STATE OF MISSISSIPPI and**
**MELVIN BRISOLARA, Sheriff**                                                  **RESPONDENTS**
_____

**REPORT & RECOMMENDATION**
_____

This matter is before the Court pursuant to Respondents' Motion [9-1] to Dismiss for Failure to State a Claim, which was filed on August 27, 2009. Petitioner, Robert L. Jenkins, filed a Response [11-1] in Opposition on October 8, 2009, and an additional Response [12-1] in Opposition on October 26, 2009. Having considered the Respondents' Motion [9-1], along with all the pleadings and the applicable law, this Court finds that Respondents' Motion [9-1] is well-taken and should be granted. Accordingly, Jenkins' petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

At the time Petitioner, Robert L. Jenkins, ("Jenkins") filed the instant petition for writ of *habeas corpus*, he was incarcerated in the Harrison County Adult Detention Center in Gulfport, Mississippi as a pre-trial detainee. The Circuit Court of Harrison County, Second Judicial District indicted Jenkins for possession of cocaine on January 7, 2008. (*See* Ex. "A" Attach. Mot. [9-2] Dismiss.) On May 5, 2008, attorney Charles Stewart was appointed to represent Jenkins. (*See* Ex. "E" Attach. Mot. [9-2] Dismiss.) The following day, Jenkins waived arraignment and trial was set for September 8, 2008. (*See* Exs. "E," "F" Attach. Mot. [9-2] Dismiss.) On May 9, 2008, Jenkins

filed a "Motion to Dismiss for Lack of Speedy Trial" in the Circuit Court of Harrison County. (*See* Ex. "G" Attach. Mot. [9-2] Dismiss.) On September 8, 2008, the trial was continued until November 17, 2008, due to the "late substitution of defense counsel." (*See* Ex. "H" Attach. Mot. [9-3] Dismiss.)

On October 28, 2008, Jenkins filed a "Petition for Habeas Corpus in Pre-Conviction" in the Circuit Court of Harrison County.[1] (*See* Ex. "I" Attach. Mot. [9-3] Dismiss.) The trial court, on November 13, 2008, denied Jenkins' state habeas petition by holding that his speedy trial claims were not appropriate grounds for state habeas relief and that, regardless, his speedy trial rights had not been violated. (*See* Ex. "J" Attach. Mot. [9-3] Dismiss.) On November 17, 2008, Jenkins' trial was continued on motion of his counsel until January 20, 2009, because Jenkins' trial counsel was engaged in a trial and a motion to reduce bond was pending. (*See* Ex. "K" Attach. Mot. [9-3] Dismiss.) The record before this Court is unclear as to why Jenkins' trial did not proceed on January 20, 2009. Nevertheless, upon motion by Jenkins, on May 5, 2009, an order was entered continuing the trial to June 1, 2009. (*See* Ex. "L" Attach. Mot. [9-3] Dismiss.) The order, signed by Jenkins, stated that his attorney, Charles Stewart, withdrew from the case, that Jenkins was "given time to hire [an] attorney," and that "[Jenkins] waives speedy trial." *Id.* On June 1, 2009, attorney Dana Christensen was appointed to represent Jenkins, and the trial was rescheduled for August 3, 2009.

---

[1] Jenkins petitioned the Mississippi Supreme Court for a writ of mandamus requiring the trial court to rule on his motion. (*See* Ex. "C" Attach. Pet. [1-3] 7.) However, on November 4, 2008, the Mississippi Supreme Court dismissed Jenkins' writ for failure to actually show that his "Petition for Habeas Corpus in Pre-Conviction" had actually been filed in the circuit court. *Id.* On February 20, 2009, Jenkins filed a renewed petition for writ of mandamus in the Mississippi Supreme Court with evidence that his "Petition for Habeas Corpus in Pre-Conviction" had been filed in circuit court on October 28, 2008. *Id.* However, the Mississippi Supreme Court found that the circuit court had ruled on Jenkins' "Petition for Habeas Corpus in Pre-Conviction" on November 19, 2008, therefore, Jenkins' petition for writ of mandamus was dismissed as moot on April 30, 2009. *Id.* Therefore, Mississippi's appellate courts have not addressed the merits of Jenkins' claims. This Court notes that the Mississippi Supreme Court's order dismissing Jenkins' petition for writ of mandamus as moot states the date that the circuit court ruled on Jenkins' "Petition for Habeas Corpus in Pre-Conviction" as being November 19, 2008, however, the circuit court actually ruled on Jenkins' "Petition for Habeas Corpus in Pre-Conviction" on November 13, 2008. (*See* Ex. "B" Attach. Pet. [1-3] 3-6.)

(*See* Ex. "M" Attach. Mot. [9-3] Dismiss.) On August 3, 2009, the trial was again continued until September 14, 2009. (*See* Ex. "N" Attach. Mot. [9-3] Dismiss.)

On June 11, 2009, Jenkins filed the instant Petition for Writ of *Habeas Corpus* in this Court. Jenkins filed an amended Petition on June 30, 2009. In his Petition, Jenkins alleges that he was arrested for Possession of Cocaine in January 2007 and bonded out of jail in February 2007. Jenkins claims that he was indicted for the Possession of Cocaine charge in January 2008, and was subsequently arrested for unrelated charges on February 25, 2008. Jenkins, in his Petition, claims he remains incarcerated pursuant to the possession of cocaine charge in violation of his speedy trial rights. (*See* Pets. [1-1, 5-1].) Also, Jenkins asserts various errors by the Mississippi appellate courts. *Id.* Accordingly, Jenkins requested dismissal of the possession of cocaine charge and immediate release from the Harrison County Adult Detention Center with the option of filing for money damages in the future. (*See* Pet. [1-1] 15-17; Am. Pet. [5-1] 14.)

Respondents filed the present Motion [9-1] to Dismiss on August 27, 2009, claiming that Jenkins' Petition should be dismissed for failure to state a claim upon which relief can be granted. Specifically, Respondents claim that Jenkins is clearly seeking to abort a state proceeding in pursuing dismissal of his pending criminal charge, and thus, habeas relief is not an available remedy. Before Jenkins responded to Respondents' motion to dismiss, he was tried in the Circuit Court of Harrison County for the possession of cocaine charge relating to the present habeas petition. (*See* Ex. "A" Attach. Resp. [12-3].) Jenkins was convicted and sentenced to life imprisonment on September 16, 2009. *Id.* Thereafter, on October 8 and October 26, 2009, Jenkins' filed responses to Respondents' motion to dismiss. (*See* Resps. [11-1, 12-1].)

## **ANALYSIS**

As of the date he filed his Petition, Jenkins was merely awaiting trial, and had not yet been convicted and sentenced for any crime. As such, Jenkins was a county inmate rather than a State inmate, and therefore he should be designated as a "pre-trial detainee." Accordingly, Jenkins' Petition must be considered pursuant to 28 U.S.C. § 2241.

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, and "one who seeks only to enforce the state's obligation to bring him promptly to trial," *Id.* at 490 (citing *Smith v. Hooey*, 393 U.S. 374 (1969)). The United States Court of Appeals for the Fifth Circuit held that the distinction is based on the type of relief requested by the petitioner. *See Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly function of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id.* at 1283.

In both his original Petition [1-1] and Amended Petition [5-1], Jenkins does not request that

the state fulfill its obligation to provide him with a prompt and speedy trial, but rather requests that his state criminal charge for possession of cocaine be dismissed and he be released from custody. As such, Petitioner is attempting to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 508-09. Furthermore, Jenkins has failed to present any argument that the particulars of his incarceration constitute "special circumstances" which warrant disposition of the State's judicial process. In response to Respondents' motion to dismiss, Jenkins states that a violation of speedy trial and due process rights are "enough to warrant special circumstances." (*See* Resp. [11-1] 17-18.) However, the Fifth Circuit has held that the Sixth Amendment right to a speedy trial was not a *per se* "special circumstance." *See Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987). The Court reasoned that "to do so would eliminate the careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown* and *Atkins* [*v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*. at 227. Accordingly, Jenkins' petition must be dismissed for failure to state a claim upon which habeas relief may be granted.

Furthermore, this Court also finds that Jenkins' Petition has been rendered moot. A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. However, Jenkins is no longer a pretrial detainee having been convicted of the charged offense, and the issues presented challenging the lawfulness of his pretrial detention have been rendered moot. It is therefore unnecessary to resolve the issues presented. *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality

of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that federal pretrial detainee's habeas corpus application was rendered moot by his conviction). This federal *habeas corpus* proceeding is therefore moot.

The Court also notes that Jenkins has attempted to raise ineffective assistance of counsel claims in his responses to Respondents' motion to dismiss. (*See* Resps. [11-1,12-1].) These issues can be raised in a collateral attack on his conviction pursuant to 28 U.S.C. § 2255 - but not now. The Fifth Circuit has held that a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal. *Fassler*, 858 F.2d at 1019 (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).

Jenkins filed the present Petition for federal habeas relief on June 11, 2009. However, the record indicates that Jenkins' case had been steadily moving toward a resolution. Jenkins was arraigned on the charge at issue on January 7, 2008. Further, Jenkins was appointed counsel and tentatively scheduled to stand trial on September 8, 2008. The trial date was continued at least twice on motion by the defense. Jenkins' trial was continued again on May 5, 2009, so that he could hire his own attorney; this court notes that Jenkins signed that particular continuance which noted that he waived his speedy trial rights. When Jenkins did not hire his own counsel, an attorney was appointed to represent him and Jenkins was ultimately tried and convicted on September 14, 2009, and sentenced to life imprisonment. Thereby, Jenkins' present petition for writ of habeas corpus under 28 U.S.C. § 2241 is rendered moot as he is currently legally detained as a State inmate.

## **CONCLUSION**

As of the date Jenkins filed his petition, he was a pre-trial detainee, and had not yet been convicted or sentenced for any crime. In his Petition for federal habeas relief, Jenkins alleged that

Harrison County had failed to provide him with Due Process. However, Jenkins' Petition sought dismissal of the pending state charge rather than to force the State to fulfill its obligation to provide him with a prompt trial. Accordingly, Jenkins' petition should be dismissed for failure to state a claim upon which habeas relief may be granted, or in the alternative, it should be dismissed as moot.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the ___29th___ day of January, 2010.

                                                   s/ John M. Roper
                                      CHIEF UNITED STATES MAGISTRATE JUDGE