# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROBERT L. JENKINS**                                                **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 1:09cv355HSO-JMR**

**STATE OF MISSISSIPPI, ET AL.**                               **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Robert Jenkins' Objection [21-1] to the Report and Recommendation of Chief United States Magistrate Judge John M. Roper [13-1], entered in this cause on January 29, 2010. Also before the Court is the Respondents' Motion to Dismiss [9-1] Jenkins' *habeas corpus* Petition for failure to state a claim based on the provisions of 28 U.S.C. § 2241. The Court has thoroughly reviewed the findings in the Report and Recommendation, the record, the positions of the parties advanced in the Motion and Objection, and the relevant law, and concludes that Jenkins' Petition fails to state a viable claim. Respondents' Motion should therefore be granted.

The undersigned incorporates by reference the thorough procedural history set forth in the Report and Recommendation and will utilize certain dates therein to expound on the Respondents' Motion and Petitioner's Objection. Jenkins filed his Petition on June 11, 2009, while he was a pretrial detainee. He filed an Amended Petition on June 30, 2009, also while a pretrial detainee, seeking dismissal of all state criminal charges against him on the grounds of alleged violations of his right to a speedy trial and his due process rights under the Fourteenth Amendment.

Prior to Jenkins' conviction and sentence on the underlying state charges, Respondents filed their Motion to Dismiss. Thus, at the time Respondents filed their Motion, Jenkins' criminal charges of possession of a controlled substance were still pending. Jenkins was convicted and sentenced on these charges on September 16, 2009. *See* Harrison County Circuit Court Final Judgment att. as Ex. "3" to Petitioner's Obj. After he was sentenced, Petitioner filed his Response in Opposition to Respondents' Motion to Dismiss.

At the outset, this Court agrees that Jenkins' Petition is properly considered pursuant to 28 U.S.C. § 2241, as Jenkins was a pretrial detainee at the time the Petition was filed. "[F]ederal courts should abstain from the exercise of [jurisdiction under § 2241] if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987).

It is not clear from Jenkins' Petition whether the relief he sought was for the Court to "dismiss [the] indictment or otherwise prevent a prosecution," or to "force the state to go to trial." *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Dickerson,* 816 F.2d at 226 *(citing Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976)). "'While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.'" *Dickerson,* 816 F.2d at 226 (*quoting Brown,* 530 F.2d at 1283 (5th Cir. 1976)). "[P]re-trial habeas relief is

2

generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." *Dickerson,* 816 F.2d at 226. Consequently, if Jenkins was seeking dismissal of the indictment or to otherwise prevent a prosecution, he could not obtain relief through a pretrial *habeas corpus* petition. Since the filing of his Petition, however, Jenkins has been adjudicated guilty of the offenses listed in the Petition. Therefore, the Court concludes that because Jenkins has been convicted and is no longer in pretrial detention, his Petition for dismissal of the charges is moot. *See Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 2009).

If, on the other hand, Jenkins' pretrial Petition aimed to force the state to go to trial, then he was required to first exhaust his state remedies. As noted above, on September 16, 2009, Jenkins was sentenced on the charges which are the subject of this Petition. To the extent that Jenkins sought to force the state to go to trial on these charges, his Petition is now moot and should be dismissed. *See Dickerson*, 816 F.2d at 226; *see also Stewart v. Cain,* 71 F.3d 879 (5th Cir. 1995); *Pannell v. Prentiss County,* 2010 WL 481017, *2 (N.D. Miss. Feb. 4, 2010).

In his Objection to the Magistrate's Report and Recommendation, Jenkins argues that he waited some thirty-two months from the time of his arrest for his trial to commence. *See* Obj., at p. 4. Jenkins also takes issue with certain rulings made by the Harrison County Circuit Court and Mississippi Supreme Court on his previously filed Motion to Dismiss Indictment for Lack of a Speedy Trial. *See id.* at

p. 8. Finally, Jenkins argues that he has satisfied the "exhaustion requirement by properly pursuing a claim throughout the entire appellate process of the State of Mississippi." *Id*. at p. 16. However, these efforts occurred prior to the judgment of conviction by the state court.

This Court, when considering alleged speedy trial violations, must distinguish between "a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976). The Fifth Circuit has further expounded on this concept:

> This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown,* 530 F.2d at 1283 (citations omitted).

In sum, the Court finds that based on the record, Jenkins is no longer a pretrial detainee, therefore, his Petition is rendered moot and Respondents' Motion should be granted. *See Brown,* 530 F.2d 1280 (5th Cir. 1976).

Finally, in connection with his speedy trial claim, Jenkins raises ineffective assistance of counsel claims. *See* Obj., at p. 3. As correctly noted by the Magistrate Judge, the Fifth Circuit has held that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal."

4

*Fassler v. United States,* 858 F.2d 1016, 1019 (5th Cir.1988)(*citing Jones v. United States,* 453 F.2d 351, 352 (5th Cir.1972)). Again, Jenkins was not permitted to collaterally attack claims pertaining to his state criminal trial before exhausting these claims in the state court system. *See id.; see also United States v. Hubbard,* 234 Fed. App'x 231, 232 (5th Cir. 2007); *Hensler v. Deatley,* 77 F.3d 476 (5th Cir.1995)("criminal defendant may not collaterally attack a conviction until the conviction has been affirmed on appeal.").

Rule 72(a) of the Federal Rules of Civil Procedure states that the ruling of a magistrate judge is reviewed under a deferential standard, requiring that the order be upheld unless it is clearly erroneous or contrary to law. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court must determine if, in this case, the Report and Recommendation was clearly erroneous. After a thorough review, the Court finds no grounds to overturn the Report and Recommendation, and further finds that the Report and Recommendation of Chief Magistrate Judge John M. Roper entered on or about January 29, 2010, should be adopted as the finding of this Court. The Court further concludes that the Report and Recommendation correctly found that Respondents' Motion to Dismiss should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Robert Jenkins' Objection [21-1] to the Report and Recommendation entered in this cause on March 24, 2010, be, and is hereby, overruled.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [13-1] of Chief Magistrate Judge John M. Roper entered on January 29, 2010, is hereby adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondents' Motion to Dismiss [9-1] should be and is hereby **GRANTED**. A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 29th day of March, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE